**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ISAAC NARANJO,** | : | **Civil No. 1:11-CV-1304** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Caldwell)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **DEPARTMENT OF CORRECTIONS,** | : | |
| et al., | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

The plaintiff, a state prisoner who is proceeding *pro se*, first commenced this action by filing a complaint on July 13, 2011. (Doc. 1.) Naranjo's complaint is a 50-page document, which names 26 separate defendants, and sets forth averments of wrongdoing in 129 separate paragraphs. (Id.) The named defendants include prison supervisors, grievance processing officials, correctional staff, medical staff, investigators, and hearing examiner staff, as well as the Department of Corrections itself.

While many aspects of Naranjo's complaint are difficult to discern, it appears that Naranjo alleges that three correctional staff–defendants Luczak, Pruitt, and

Skutack– assaulted him.  Naranjo then alleges without any further factual recitals or details that defendants Joyce Wilson, Bohinski, and William Hylbert, who appear to be medical personnel, did not properly care for him. Defendant McKeown, a hearing examiner, is alleged to have violated Naranjo's rights in some fashion during disciplinary proceedings that followed this affray with staff. Defendants Stephen Albu, Mark Pall, Gary Gordon, Robin Lucas, Robert MacIntyre, Michael Goyne, Jerome Walsh, and Dorina Varner, are then accused of mishandling Naranjo's grievances and requests for investigation into this alleged staff misconduct. It remains unclear from our initial screening review why the following, remaining defendants are named in this action: Lt. Bleich, Myron Stanishefski, Sgt. Mosier, Norm Denning, and six Jane and John Doe defendants.

Along with this complaint, Naranjo filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) For the reasons set forth below, we will GRANT this motion for leave to proceed *in forma pauperis* (Doc. 2) but recommend that the Court dismiss the complaint for failure to state a claim upon which relief can be granted as to all defendants except defendants Luczak, Pruitt and Skutack. It is further recommended that this dismissal order be entered without prejudice to allowing Naranjo to attempt to correct the deficiencies noted in this complaint by filing an amended complaint curing the deficiencies cited in this report and recommendation.

## II.    Discussion

## A.    Screening of *Pro Se* Prisoner Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials.   Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a   prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be  granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted."   This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly,</u> 550 U.S. 544 (12007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff.  <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."  <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic</u>

4

Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual

allegations  sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Applying these standards, we find that this complaint, in its present form, is subject to summary dismissal.

**B. Naranjo's Complaint Fails to Comply with Rule 8's Requirement that a Complaint Contain a "Short and Plain" Statement of a Cause of Action**

At the outset, we find that dismissal of this complaint is warranted because this pleading,  fails to comply with Rule 8's basic injunction that: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."

It is well-settled that: "[t]he  Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed.R.Civ.P. 8(e)(1)." Scibelli v. Lebanon County, 219 F.App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible", Stephanatos v. Cohen,  236 F.App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8  is clearly appropriate.  See, e.g., Mincy v. Klem, 303 F.App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen, supra;  Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n. 1 (5th Cir.2005).  In the first instance Rule 8 dismissals are often entered without prejudice to allowing the

litigant the opportunity to amend and cure any defects. However, if a plaintiff is given an opportunity to amend his complaint after being placed on notice of the requirements of Rule 8, but fails to file a pleading that contains a short and plain statement of a cause of action, the failure to timely submit a proper complaint that complies with the strictures of Rule 8 may warrant the dismissal of the complaint with prejudice. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen, supra; Scibelli v. Lebanon County, supra.

These general legal principles governing adequacy of civil complaints call for dismissal of this complaint in its current state. By any standard, Naranjo's complaint–a 50-page pleading, containing 129 paragraphs, and naming 26 defendants–is not a "short and plain" statement of a cause of action containing averments that are "concise, and direct." Therefore, Rule 8 compels dismissal of the complaint, but without prejudice at this time to Naranjo submitting an amended complaint containing a  short and plain statement of a cause of action.

  C. **As to Many Defendants, Naranjo's Complaint Only Contains a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements, [which] do[es] not suffice.**"

Having observed at the outset that Naranjo's complaint says too much and does not contain a "short and plain" statement of a cause of action, we also find that in a

number of respects the complaint also violates the rules of pleading in that it says too little about the claims that Naranjo wishes to level against numerous defendants. For example, as to a series of defendants–Lt. Bleich, Myron Stanishefski, Sgt. Mosier, Norm Denning, and six Jane and John Doe defendants–the complaint violates the pleadings rules prescribed by the United States Supreme Court in Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009) in that it only contains "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.

In fact, as to many of these defendants the complaint does not even contain "[t]hreadbare recitals of the elements of a cause of action." Rather, these defendants are not mentioned in any comprehensible way in the body of the complaint beyond being listed in the caption of this case. (Doc. 1.) This failure to articulate in the body of the complaint a basis for holding these correctional staff personally accountable for some violation of the constitution now compels dismissal of these defendants from this lawsuit. See Thomas v. Conway, No. 04-1137, 2005 WL 2030304 (M.D. Pa. July 21, 2005)(failure to name defendant in body of complaint compels dismissal).

Similarly, Naranjo's complaints regarding the conduct prison medical staff–Joyce Wilson, Bohinski, and William Hylbert–are also wholly lacking in factual detail. Thus, while Naranjo expresses a dissatisfaction with medical personnel  it is

well-settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim. See Gause v. Diguglielmo, 339 F. App'x 132 (3d Cir. 2009)(dispute over choice of medication does not rise to the level of an Eighth Amendment violation); Innis v. Wilson, 334 F. App'x 454 (3d Cir. 2009)(same); Whooten v. Bussanich, 248 F. App'x 324 (3d Cir. 2007)(same); Ascenzi v. Diaz, 247 F. App'x 390 (3d Cir. 2007)(same); Taylor v. Norris, 36 F. App'x. 228, 229 (8th Cir.2002) (deliberate indifference claim failed when it boiled down to a disagreement over recommended treatment for hernias and decision not to schedule a doctor's appointment); Abdul-Wadood v. Nathan, 91 F.3d 1023, 1024-35 (7th Cir.1996). Rather, in order to establish a violation of his constitutional right to adequate medical care in a prison setting, the prisoner-plaintiff is required to point to evidence that demonstrates both (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need.  Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or by "persistent conduct in the face of

resultant pain and risk of permanent injury," White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990). However, it is also clear that the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106.  "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Thus, such complaints fail as constitutional claims under § 1983 since "the exercise by a doctor of his professional judgment is never deliberate indifference. See e.g., Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir.1990) ('[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.')". Gindraw v. Dendler, 967 F.Supp. 833, 836 (E.D. Pa. 1997). Applying this exacting standard, courts have frequently rejected Eighth Amendment claims against medical staff. See, e.g., Ham v. Greer, 269 F. App'x 149 (3d Cir. 2008); James v. Dep't of Corrections, 230 F. App'x 195 (3d. Cir. 2007); Gillespie v. Hogan, 182 F. App'x 103 (3d Cir. 2006); Bronson v. White, No. 05-2150, 2007 WL 3033865 (M.D. Pa. Oct. 15, 2007); Gindraw v. Dendler, 967 F.Supp. 833 (E.D. Pa. 1997).

These principles apply here. In its present form, with respect to these medical personnel, Naranjo's complaint does not allege facts which demonstrate deliberate indifference to a serious medical need.  Since "a complaint must do more than allege

the plaintiff's entitlement to relief . . . [a] complaint has to 'show' such an entitlement with its facts," <u>Fowler</u>, 578 F. 3d at 211, the failure of this complaint to assert facts giving rise to a plausible cause of action is fatal here and compels dismissal of these defendants.

Indeed, at present the only defendants named in the complaint as to whom Naranjo has articulated a plausible claim for relief are those correctional staff that Naranjo claims assaulted him–defendants Luczak, Pruitt and Skutack. Thus, Naranjo's complaint is adequate only as to these defendants on this particular assault claim. Therefore, presently, as a threshold matter of pleading, it is recommended that this complaint only be permitted to proceed forward as to these three defendants.

Aside from this over-arching deficiencies, Naranjo's *pro se* complaint suffers from a number of more specific flaws, which are discussed separately below.

### D.   The Eleventh Amendment to the United States Constitution Bars This Lawsuit Against a State Agency

In addition, this complaint, which names the state Department of Corrections as a defendant,  also runs afoul of  basic constitutional and statutory rules limiting lawsuits against state agencies.  First, as a matter of constitutional law, the Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the . . . States . . . .", U. S. Const. amend XI. By its terms,

the Eleventh Amendment strictly limits the power of federal courts to entertain cases brought by citizens against the state and state agencies.  Moreover, a suit brought against an individual acting in his or her official capacity constitutes a suit against the state and, therefore, also is barred by the Eleventh Amendment. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989).

Pursuant to the Eleventh Amendment, states, state agencies and state officials who are sued in their official capacity are generally immune from lawsuits in federal courts brought against them by citizens. <u>Seminole Tribe v. Florida</u>, 517 U.S. 44, 54 (1996) Absent an express waiver of the immunity established by the Eleventh Amendment, all of these agencies, and their employees who are sued in their official capacities, are absolutely immune from lawsuits in federal court. Moreover as a matter of statutory interpretation, the plaintiff cannot bring a damages action against these state agencies or state officials in their official capacity since it is well-settled that a state, a state agency, or a state official acting in an official capacity is not a "person" within the meaning of 42 U.S.C. §1983. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989).

This settled legal tenet compels dismissal of the Department of Corrections from this lawsuit. Since Naranjo's damages claims against this state agency are barred under the Eleventh Amendment, his complaint against the state Department of Corrections must be dismissed.

**E.    Naranjo's Claims Against Supervisory and Investigative Defendants Fail as a Matter of Law**

Moreover, in his complaint Naranjo names a series of supervisory defendants–Defendants Stephen Albu, Mark Pall, Gary Gordon, Robin Lucas, Robert MacIntyre, Michael Goyne, Jerome Walsh, and Dorina Varner– solely on the basis of their supervisory duties and their alleged mishandling of Naranjo's grievances and requests for investigation into alleged staff misconduct. These claims against supervisory and investigative defendants also clearly fail as a matter of law. In considering claims brought against supervisory or investigative officials arising out of alleged Eighth Amendment violations, the courts  recognize that supervisors may be exposed to liability only in certain, narrowly defined, circumstances.

For example, it is clear that a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. Quite the contrary, to state a constitutional tort claim the plaintiff must show that the supervisory defendants actively deprived him of a right secured by the Constitution. Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980). Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through

specific allegations of personal direction or of actual knowledge and acquiescence in

the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).

In particular, with respect to prison supervisors it is well-established that:

"A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

As the Supreme Court has observed:

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); see also Dunlop v. Munroe, 7 Cranch 242, 269, 3 L.Ed. 329 (1812) (a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); Robertson v. Sichel, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution

Ashcroft v. Iqbal,  129 S.Ct. 1937, 1948 (2009).

Applying these benchmarks, courts have frequently held that, in the absence of

evidence of supervisory knowledge and approval of subordinates' actions, a plaintiff

may not maintain an action against supervisors based upon the misdeeds of their subordinates. O'Connell v. Sobina, No. 06-238, 2008 WL 144199, * 21 (W.D. Pa. Jan. 11, 2008); Neuburger v. Thompson, 305 F. Supp. 2d 521, 535 (W. D. Pa. 2004).

Nor can inmates sustain Eighth Amendment claims against prison officials based solely upon assertions that those officials failed to adequately investigate their past grievances. Inmates do not have a constitutional right to a prison grievance system. See Jones, 433 U.S. at 137-138; Speight v. Sims, No. 08-2038, 283 F. App'x 880, 2008 WL 2600723 at *1 (3d Cir. June 30, 2008) (citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). Consequently, dissatisfaction with response to an inmate's grievances does not support a constitutional claim. See also Alexander v. Gennarini, 144 F. App'x. 924 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable). See also Cole v. Sobina, No. 04-99J, 2007 WL 4460617, at *5 (W.D. Pa. Dec. 19, 2007) ("[M]ere concurrence in a prison administrative appeal process does not implicate a constitutional concern.") As the United States Court of Appeals for the Third Circuit recently observed when disposing of a similar claim by another inmate:

Several named defendants, such as the Secretaries of the Department of Corrections or Superintendents, were named only for their supervisory roles in the prison system. The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them. <u>See Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir.1988) (defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior* ); <u>see also Antonelli v. Sheahan</u>, 81 F.3d 1422, 1430 (7th Cir.1996) (state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause)

<u>Pressley v. Beard</u>, 266 F. App'x 216, 218 (3d Cir. 2008).

In this case, fairly construed, Naranjo's claims against these supervisory defendants consist of little more than assertions of *respondeat superior* liability, coupled with dissatisfaction with their processing of this inmate's past grievances, assertions which as a matter of law do not suffice to state a constitutional tort claim. Therefore, these defendants are entitled to be dismissed from this case.

    **F.**    <u>**To The Extent That Naranjo Is Alleging That Prison Officials Filed False Misconduct Reports, He Fails to State a Claim, Where the Pleadings Show that Naranjo Had an Opportunity to Litigate This Misconduct Citation**</u>

Finally, Naranjo's complaint appears to challenge the outcome of disciplinary proceedings which followed his affray with correctional staff, and led to findings of misconduct by Naranjo. In part, Naranjo seems to premise his lawsuit on his assertion that the misconduct reports were false. Naranjo advances this claim while describing

in his complaint opportunities he had to litigate these issues at a disciplinary hearing, and in subsequent administrative appeals.

To the extent that this aspect of Naranjo's complaint rests on a claim that prison staff submitted false misconduct reports against him, it is well established that, when a prisoner is afforded these due process protections during the disciplinary hearing process, a claim that a misconduct report was false, standing alone, does not state a valid cause of action. As the United States Court of Appeals for the Third Circuit has aptly observed: "[F]iling false disciplinary charges does not itself violate a prisoner's constitutional rights, so long as procedural due process protections were provided. See e.g., Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir.1986) (the filing of false charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges); Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir.1984)." Richardson v. Sherrer, 344 F. App'x 755, 757-758 (3d Cir. 2007). See also Booth v. Pence, 141 F. App'x 66 (3d Cir. 2005); Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002). Thus, without further well-pleaded facts, this unadorned claim that the misconduct reports lodged against the plaintiff were false does not provide a grounds for holding prison officials personally

liable, where it appears that Naranjo was given an opportunity to contest these reports.[1]

### G.    Naranjo's Complaint Should Be Dismissed Without Prejudice

While this screening merits analysis calls for dismissal of this action in its current form, we recommend that Naranjo be given another opportunity to further litigate this matter by endeavoring to promptly file an amended complaint. We recommend this course mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, it is recommended that the Court provide the plaintiff with an opportunity to correct these deficiencies in the *pro se* complaint, by dismissing this deficient complaint at this time without prejudice to one final effort by the plaintiff to comply with the rules governing civil actions in federal court.

---

[1]It may be that Naranjo is also asserting that he was denied his due process right to contest these prison infractions at the disciplinary hearing. If this is Naranjo's claim, then we recommend that Naranjo articulate that claim more clearly in an amended complaint.

### III.    Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's motion for leave to proceed *in forma pauperis* be GRANTED (Doc. 2), but, with the exception of Naranjo's claims against defendants Luczak, Pruitt and Skutack, the Plaintiff's complaint should be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order. If Naranjo does not elect to properly amend his complaint within the time prescribed by the Court, IT IS FURTHER RECOMMENDED that all claims and defendants, except the claims against defendants Luczak, Pruitt and Skutack, be DISMISSED with prejudice.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 14th day of July, 2011.

***S/Martin C.  Carlson***
Martin C. Carlson
United States Magistrate Judge